The STATE of Ohio, Appellant,

v.

COLLINS, Appellee.

[Cite as *State v. Collins* (1997), 118 Ohio App.3d 73.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15724.

Decided Jan. 31, 1997.

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *Brian R. McHenry*, Assistant Prosecuting Attorney, for appellant.

*Lynn Koeller*, Montgomery County Public Defender, and *Chris Conard*, Assistant Public Defender, for appellee.

GRADY, Judge.

The state of Ohio appeals from an order dismissing the indictment in this case because of the state's failure to provide defendant Tracy Collins a speedy trial.

On September 29, 1995, Tracy Collins was indicted on two counts of theft by deception, in violation of R.C. 2913.02(A)(3). Both counts involved the theft of welfare benefits. Collins filed a motion to dismiss the indictment, claiming that her federal and state constitutional rights to a speedy trial and due process of law

had been violated as a result of the delay in commencing her prosecution. A hearing was held, following which the trial court sustained Collins's motion and dismissed the indictment.

The state of Ohio timely appealed to this court from the trial court's decision, pursuant to R.C. 2945.67(A). In its sole assignment of error, the state argues that the trial court erred in dismissing the indictment on speedy trial grounds. We agree with the state's contention, and, accordingly, we will reverse the judgment of the trial court and remand this case to the trial court for further proceedings.

## ASSIGNMENT OF ERROR

"The trial court erred in granting appellee's motion to dismiss the indictment."

On August 18, 1991, Michael Winterbotham, an investigator for the Montgomery County Department of Human Services, received an anonymous tip that Tracy Collins was working while receiving welfare benefits. On September 17, 1991, Winterbotham interviewed Collins, who denied any such employment. She did, however, sign an employment verification form for use by the investigator. Later that same day, the defendant called Winterbotham and admitted that she had been employed in November 1990 and off and on during 1991 while she was receiving benefits, and that she had failed to report that employment to her case worker.

This case was referred to the case worker, who on October 22, 1991, sent the file to the Overpayment Unit to compute any overpayment. The case was returned to Winterbotham on June 4, 1992, after an overpayment was found.

The case was referred to the prosecuting attorney on June 9, 1992, but was returned to Winterbotham on June 26, 1992, for additional investigation. That further investigation was completed and the entire file was sent back to the prosecutor on March 22, 1993. Thereafter, the defendant was indicted on September 29, 1995.

The delay with which we are concerned in this case is a delay in commencing prosecution; in other words, a delay in the period of time between discovery of the offense and the filing of formal charges against Collins.

In granting Collins's motion to dismiss this indictment, the trial court relied upon *State v. Meeker* (1971), 26 Ohio St.2d 9, 55 O.O.2d 5, 268 N.E.2d 589, in which the Ohio Supreme Court held that a defendant's right to a speedy trial under the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, applies to unjustifiable delays in commencing prosecution as well as to unjustifiable delays after indictment. *Id.* at syllabus.

■ . Subsequent to *Meeker*, the United States Supreme Court ruled that the right to a speedy trial under the Sixth Amendment does not apply until after a

person has been indicted or otherwise formally accused of a crime, and that statutes of limitation provide the primary guarantee against overly stale charges. *United States v. Marion* (1971), 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468; *United States v. Lovasco* (1977), 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752. That prompted the Ohio Supreme Court to make this observation in *State v. Luck* (1984), 15 Ohio St.3d 150, 15 OBR 296, 472 N.E.2d 1097:

"We agree that *Meeker* was not nullified in its entirety by *Marion,* but we believe that in light of *Marion* and its progeny, our holding in *Meeker* is viable only insofar as its application is limited to cases that are factually similar to it.

"In *Meeker,* the defendant committed acts at the same time and place which would have constituted four separate offenses; and in, June 1963, the state knowingly chose to indict the defendant for only one of those four possible offenses. When the defendant's conviction on the 1963 indictment was overturned by a post-conviction order in 1969, the state obtained another indictment charging the defendant with the three other crimes that were committed in 1963." *Id.* at 153, 15 OBR at 299, 472 N.E.2d at 1101.

The facts in this case are not at all similar to the facts in *Meeker, supra.* Accordingly, *Meeker* has no application to this case and the trial court's reliance on it was improvident.

Collins was not indicted or formally charged with a crime until September 29, 1995. That is when the wheels of justice began slowly to grind and official prosecution commenced. Therefore, because Collins was not accused of a crime or the subject of any official prosecution prior to September 29, 1995, the delay that occurred between discovery of these offenses and commencement of this prosecution on September 29, 1995, did not violate Collins's right to a speedy trial guaranteed by Section 10, Article I of the Ohio Constitution. *State v. Luck, supra.*

Although Collins's right to a speedy trial guaranteed by the United States and Ohio Constitutions was not violated by the delay in commencing prosecution in this case, *Marion; Luck, supra,* a delay between commission of an offense and indictment therefor which results in *actual* prejudice to the defendant can, under certain circumstances, constitute a violation of the right to due process of law guaranteed by the federal and state constitutions. *State v. Luck, supra; Lovasco, supra.* For such preindictment delay to constitute a violation of due process, that delay must also be unjustifiable in light of the state's reasons for the delay. *State v. Luck; State v. Stickney* (Dec. 7, 1994), Montgomery App. No. 14232, unreported, 1994 WL 680159.

 Any claim of prejudice, such as the death of a key witness, lost evidence, or faded memories, must be balanced against the other evidence in

order to determine whether actual prejudice will be suffered by the defendant at trial. *Luck, supra.* If the court determines that the defendant will suffer actual prejudice at trial as a result of the delay in commencing prosecution, the court must then determine whether the reason for that delay is unjustifiable. A delay may be unjustifiable where, for example, it is intentionally undertaken in order to gain some tactical advantage over the defendant, or when the state through negligence has ceased active investigation of a case and then later decides to commence prosecution upon the same evidence that was available to it at the time the investigation ceased. *Luck, supra.*

The trial court reasoned that prejudice could be "presumed" from a delay of eighteen months in commencing prosecution. *Marion, supra.* The notion that prejudice may be presumed from a lengthy delay arises in the context of the four part balancing test that courts must use in determining whether a *postindictment* delay has deprived a defendant of his or her Sixth Amendment right to a speedy trial. *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101; *Doggett v. U.S.* (1992), 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520. The *Barker* four-part test, and the notion of presumptive prejudice, applies only to postindictment delays which implicate the Sixth Amendment right to a speedy trial, and has no application to preindictment delays. *Stickney, supra.*

A review of this record reveals that Collins failed to claim, much less demonstrate, that she suffered any specific prejudice resulting from the pre-indictment delay in this case. In fact, Collins conceded at the hearing on her motion to dismiss that she cannot demonstrate any actual prejudice. We note that prosecution in this case was commenced within the applicable six-year statute of limitation period. R.C. 2901.13. Therefore, we conclude that any period of delay in commencing prosecution that falls within that six-year time frame was not prejudicial in the absence of specific evidence to the contrary. *State v. Packard* (1988), 52 Ohio App.3d 99, 102, 557 N.E.2d 808, 812–813.

Collins has failed to prove that the delay in commencing prosecution in this case resulted in any actual prejudice to her and violated her right to due process of law thereby. Additionally, we note that investigative delay which results from inefficient bureaucratic policies and procedures falls far short of purposeful delay undertaken to gain some tactical advantage over the accused.

The assignment of error is sustained. The judgment of the trial court dismissing the indictment in this case is reversed and the case is remanded to that court for further proceedings.

*Judgment reversed.*

FREDERICK N. YOUNG, P.J., and FAIN, J., concur.