In early 1994, Appellant Thomas Fisher was investigated in connection with the sexual abuse of his adopted son. As a result, in February, 1994, appellant was questioned, by police, in the presence of his attorney. Mark Leatherman of the Delaware Police Department conversed with a prosecuting attorney on March 18, 1994. The prosecutor indicated that she was going to prepare the case for the Grand Jury. Officer Leatherman then prepared a Grand Jury packet of information, and forwarded it to the prosecutor's office on March 22, 1994.
On February 14, 1994, a complaint was filed in Juvenile Court, alleging that the child was abused. The Juvenile Court case was resolved on April 6, 1994, when appellant and his wife surrendered custody of the juvenile.
After the juvenile case ended in 1994, no further investigation by the police department occurred in to the case. Appellant was not formally charged or arrested until April 21, 1998. On April 21, 1998, the case was presented to the Grand Jury, and an indictment was returned on April 23, 1998, charging appellant with rape and gross sexual imposition, occurring from January 1, 1992 through February 11, 1994.
Appellee moved to dismiss the indictment on the basis of pre-indictment delay. After a hearing on the motion, the trial court dismissed the indictment. The state assigns a single error:
 THE TRIAL COURT ERRED IN FINDING THAT THE DEFENDANT SUFFERED PRESUMPTIVE PREJUDICE WHICH VIOLATED HIS RIGHTS TO DUE PROCESS.
The state contends, in its sole assignment of error, that the trial court erred when it found appellee suffered presumptive prejudice which violated his rights to due process. We agree.
The trial court based its decision on the theory of presumptive prejudice. We find such reliance misplaced. The trial court found appellee was accused "once he was read hisMiranda rights and interrogated in the presence of his legal counsel." Judgment Entry, July 21, 1998, at 6. The trial court offers no authority for this finding. We believe "other official accusation" is of the same genre as "arrest" and "indictment" and, because of their inclusion, limit its meaning. We interpret "other official accusation" to mean the initiation of some type of criminal prosecution. Therefore, the interrogation of a suspect is insufficient to constitute an official accusation and, as such, the trial court's reliance on the presumptive prejudice concept in Dogget v. U.S. (1992),506 U.S. 647, 652 and State v. Selvage (1997), 80 Ohio St.3d 465 is misplaced because the issue of presumptive prejudice only applies in post-indictment delay situations.
The U.S. Supreme Court has recognized different tests for pre-indictment and post-indictment delays. For purposes of pre-indictment delay, the United States Supreme Court set forth a two-part test in U.S. v. Lovasco (1977), 431 U.S. 783. Under the Lovasco pre-indictment delay analysis, a defendant has the burden of establishing a delay that results in actual prejudice to the defendant and that the delay was unjustifiable in light of the state's reasons for the delay. However, for purposes of post-indictment delay, the United States Supreme Court set forth a four-part test in Barker v. Wingo, (1972),407 U.S. 514. Under Barker, a trial court is required to consider four factors: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his rights; and (4) prejudice to the defendant. Id. at 467.
In the case of State v. Collins (1997), 118 Ohio App.3d 73, the Montgomery County Court of Appeals reached a similar conclusion between the applicable tests for pre-indictment and post-indictment delays. The court explained "[t]he Barker four-part test, and the notion of presumptive prejudice, applies only to post-indictment delays which implicate the Sixth Amendment right to a speedy trial, and has no application to pre-indictment delays." Id. at 77.
In the matter currently before the Court, the trial court concluded appellee failed to establish actual prejudice as a result of the four-year delay between the conclusion of the investigation and his indictment. Judgment Entry, July 21, 1998, at 5. Having reached this conclusion, the trial court proceeded to address the second prong of Lovasco. In so doing, the trial court concluded the facts of the case did not support the conclusion that the state acted with reasonable diligence when it commenced this case against appellee and concluded that the indictment in 1998 was unjustifiable. Id. at 7. Thus, the trial court concluded that the state's reasons for the delay were unjustified but that appellee did not suffer actual prejudice as a result of this unjustified delay.
Based upon the trial court's conclusion and appellee's failure to meet the first prong of the two-prong test contained in Lovasco, we find the trial court should have denied appellee's motion to dismiss on this basis.
Appellant's assignment of error is sustained.