OPINION
Defendant, James Conley, appeals from his conviction and sentence for gross sexual imposition.
On March 20, 2000, Defendant was indicted on five counts of gross sexual imposition in violation of R.C. 2907.05 and one count of rape in violation of R.C. 2907.02. Those charges involve Defendant's alleged sexual abuse of his children between January 1993 and March 1994.
Prior to trial Defendant filed a motion to dismiss the indictment arguing, among other things, that his federal and state constitutional right to due process of law had been violated as a result of the delay in commencing prosecution. A hearing was held, following which the trial court overruled Defendant's motion to dismiss. The trial court concluded that Defendant had failed to demonstrate that he suffered any actual prejudice as a result of pre-indictment delay, and denied Defendant's motion to dismiss.
Thereafter, Defendant entered into a negotiated plea agreement whereby Defendant entered no contest pleas to two counts of gross sexual imposition in exchange for dismissal of the remaining charges. As part of the plea agreement the State recommended that Defendant be sentenced to eighteen months imprisonment on each count, the sentences to be served consecutively. The trial court accepted Defendant's no contest pleas, found Defendant guilty, and imposed consecutive eighteen month sentences., Defendant has timely appealed from his conviction and sentence. One issue is presented for our review:
 ASSIGNMENT OF ERROR BECAUSE OF THE NEARLY SIX YEAR DELAY BETWEEN THE REPORTING OF THE OFFENSES AND THE INDICTMENT, AND BECAUSE THE DEFENSE WAS PREJUDICED BY THAT DELAY, THE TRIAL COURT DENIED APPELLANT DUE PROCESS OF LAW UNDER THE STATE AND FEDERAL CONSTITUTIONS WHEN IT DENIED THE MOTION TO DISMISS THE INDICTMENT.
The parties stipulated that the sexual abuse underlying these charges was revealed to the State for the first time on April 7, 1994, when one of the child-victims told a Children's Services worker about Defendant's misconduct. Defendant was not indicted or otherwise formally charged with any crime until March 20, 2000, nearly six years later. The statute of limitations applicable to the charge is six years. R.C. 2901.13(A)(1).
The right to a speedy trial under the Sixth Amendment does not apply until after a person has been indicted or otherwise formally accused of a crime. United States v. Marion (1971), 404 U.S. 307. Thus, the nearly six year delay which occurred between discovery of these crimes and the filing of formal charges against Defendant did not violate Defendant's constitutional right to a speedy trial. State v. Luck (1984),15 Ohio St.3d 150; State v. Collins (1997), 118 Ohio App.3d 73.
Even though Defendant's right to a speedy trial was not violated by the delay in commencing prosecution in this case, a delay between commission of an offense and indictment therefor which results in actual prejudice to the defendant can, under certain circumstances, constitute a violation of the constitutional right to due process of law.
United States v. Lovasco (1977), 431 U.S. 783; State v. Luck, supra; State v. Collins, supra. For such delay to constitute a violation of due process, the delay must be unjustifiable in light of the State's reason for the delay. Luck, supra; Collins, supra.
Statutes of limitation operate to create a rebutable presumption that a criminal charge filed within the period prescribed is not subject to a complaint of undue delay. In order to rebut that presumption, a defendant who complains of pre-indictment delay must demonstrate that he has suffered substantial, actual prejudice as a result. Then, after defendant has established actual prejudice, the State bears the burden to produce evidence demonstrating a justifiable reason for the delay which outweighs the prejudice defendant has suffered. State v. Whiting (1998),84 Ohio St.3d 215.
A delay may be unjustifiable where, for example, it is intentionally undertaken to gain some tactical advantage over the defendant or when the State, through negligence, has ceased active investigation of a case and then later decides to commence prosecution upon the same evidence that was available at the time the investigation ceased. Luck, supra; Collins, supra.
It appears that the State declined to prosecute Defendant in 1994 because it had concluded that the two alleged victims, who were then very young, were not competent to testify. The State may also have been inclined to take no action after the Defendant moved from Ohio in 1995. The State appears to have later revised its views, leading it to seek an indictment when the alleged victims were older and the Defendant was charged in Florida with a sex offense. If so, the State's decision to commence prosecution seems to have been based more on tactical and policy considerations than on new or additional evidence that was unavailable to the State in 1994. Whether the delay was justified for these reasons need not be determined, however, unless the Defendant has first demonstrated actual prejudice as a result.
A review of this record reveals that Defendant has failed to demonstrate that he suffered any specific prejudice as a result of the pre-indictment delay in this case. Defendant points to no specific key witnesses who were unavailable as a result, no loss of specific evidence, nor any specific problems resulting from faded memories. Rather, Defendant simply makes a generalized assertion that as a result of the delay in this case, his memory has faded which in turn has caused him difficulty in preparing a defense. However, general assertions that memories have faded are not sufficient to satisfy a defendant's burden to demonstrate that he suffered specific, actual prejudice. State v. Glasper (Feb. 2, 1997), Montgomery App. No. 15740, unreported; State v. Flickinger (Jan. 19, 1999), Athens App. No. 98CA09, unreported.
Because the prosecution in this case was commenced within the applicable six year statute of limitations period, any delay in commencing prosecution that falls within that time frame is not prejudicial in the absence of specific evidence to the contrary. Collins, supra. Defendant's failure to demonstrate that he suffered actual, substantial prejudice is fatal to his claim of a due process violation resulting from the pre-indictment delay in this case. Collins, supra; State v. Lloyd (Mar. 31, 1999), Montgomery App. No. 15927, unreported; Whiting, supra.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
 __________ GRADY, J.,
WOLFF, P.J. and BROGAN, J. concur.