OPINION
{¶ 1} Plaintiff-appellant/cross-appellee the State of Ohio appeals the June 2, 2005 Judgment Entry of the Richland County Court of Common Pleas granting appellee/cross-appellant Yolanda Boddie's motion to dismiss the indictment against her. Defendant-appellee/cross-appellant Boddie appeals that portion of the Judgment Entry requiring she pay court costs, including court appointed attorney fees, in this matter.
 STATMENT OF THE FACTS AND CASE {¶ 2} On June 8, 2002, appellee/cross-appellant was detained as she entered the Richland Correctional Institution on suspicion she was conveying narcotics into the institution during her visits with an inmate. Appellee was served with a search warrant, and following a search of her person and her vehicle, released without being placed under arrest.
 {¶ 3} On October 9, 2002, appellee was indicted on two counts of illegal conveyance of drugs into a detention facility. A warrant was issued on the same day.
 {¶ 4} On February 22, 2005, appellee was arrested in Garfield Heights, Ohio. She was served with the indictment on March 1, 2005.
 {¶ 5} On April 8, 2005, appellee filed a motion to dismiss the indictment and for discharge, alleging the two-year and four-month delay in service of the indictment violated her constitutional right to a speedy trial.
 {¶ 6} On June 2, 2005, via Judgment Entry, the trial court granted the motion to dismiss.
 {¶ 7} Appellant, the State of Ohio, now appeals the June 2, 2005 Judgment Entry, assigning as error:
 {¶ 8} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DIMISSING THE CASE AGAINST THE DEFENDANT-APPELLEE ON SPEEDY TRIAL GROUNDS WHEN THE DEFENDANT-APPELLEE FAILED TO TIMELY ASSERT HER RIGHT TO A SPEEDY TRIAL AND SUFFERED NO PREJUDICE AS A RESULT OF THE DELAY."
 {¶ 9} While appellant couches his argument under an abuse of discretion standard, we are not convinced the standard governs this appeal.
 {¶ 10} In State v. Larkin (June 21, 2005), Richland App. No. 2004-CA-103, this Court noted "a speedy trial claim involves a mixed question of law and fact. See State v. Kuhn (June 10, 1998), 4th Dist. No. 97 CA 2307; State v. Kimble (Nov. 5, 1997), Vinton App. No. 96CA507; State v. Boso (Sept. 11, 1996), Washington App. No. 95CA10; State v. Howard (Mar. 4, 1994), Scioto App. No. 93CA2136. See, also, U.S. v. Smith (C.A.6, 1996), 94 F.3d 204, 208; U.S. v. Clark (C.A.11, 1996),83 F.3d 1350, 1352. As an appellate court, we must accept as true any facts found by the trial court and supported by competent credible evidence. With regard to the legal issues, however, we apply a de novo standard of review and thus freely review the trial court's application of the law to the facts. Kimble; Boso;Howard." The same "mixed question" standard has been adopted by other appellate courts. See, State v. Jones (June 4, 1996), Fourth District App. No. 95CA2128; State v. Davilla (August 25, 2004), Ninth District App. No. 03CA008413.
 {¶ 11} In Barker v. Wingo (1972), 407 U.S. 514, the United States Supreme Court set forth a four-part test relative to the determination of speedy trial violations:
 {¶ 12} "A balancing test necessarily compels courts to approach speedy trial cases on an ad hoc basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."
 {¶ 13} In the case sub judice, the State concedes the two-year and four-month delay is presumptively prejudicial, and sufficient to trigger the Barker balancing test. However, the State argues the delay alone is not dispositive of the issue, and appellee/cross-appellant bears the burden of attempting to assert her right to a speedy trial. The State maintains appellee did not attempt to determine whether there were any pending charges, despite being aware of the search and being detained on June 8, 2002. The State maintains appellee did not suffer any actual prejudice as a result of the post-indictment delay. The State cites Barker, supra, which noted:
 {¶ 14} "Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. [FN33] Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." Id.
 {¶ 15} The trial court's June 2, 2005 Judgment Entry found:
 {¶ 16} "The Court finds that the length of delay in serving the Defendant was two years four months from the date of the indictment to the date of her arrest. The Court finds that there was no reason for delay proffered by the State with respect to the service of the indictment upon the Defendant. The Court finds that the Defendant timely asserted her rights in this cause contesting the speedy trial rights to which she was entitled. The Court further finds that pursuant to State vs. Osborn, a delay in this case which is post-accusation raises a presumption of prejudice if there is a delay in serving the indictment of at least one year. The delay in this case was over two years, and the Court finds that the resulting anxiety over unresolved charges is prejudice to the Defendant.
 {¶ 17} "The Court finds that up until the time that the Defendant was arrested, no speedy trial rights were asserted by her and that she took no steps to find out whether or not charges were pending against her. The Court further finds that there was no evidence as to the degree of anxiety experienced by the Defendant over unresolved charges.
 {¶ 18} "It is ORDERED, ADJUDGED and DECREED that the indictment is dismissed and the Defendant ordered discharged."
 {¶ 19} Upon review of the record, the State did not present evidence justifying the delay in serving the indictment. The delay raises a reasonable presumption of prejudice. In this case, the delay was over two years after appellant was subject to both a personal body search and the search of her car. Following such a search it is reasonable to presume appellant was anxious over an investigation and the possibility of future charges. Therefore, weighing the facts found by the trial court which were supported by competent credible evidence, in applying theBarker balancing test, we find the trial court properly granted appellant's motion to dismiss the indictment.
 {¶ 20} Based upon the above, we overrule appellant/cross-appellee's sole assignment of error.
 {¶ 21} On cross-appeal, appellee/cross-appellant assigns as error:
 {¶ 22} "THE COURT ERRED AS A MATTER OF LAW IN ASSESSING COURT COSTS AND THE COURT APPOINTED COUNSEL FEES AGAINST THE DEFENDANT-APPELLEE-CROSS APPELLANT WHEN THE COURT FOUND THAT THE CHARGE AGAINST THE DEFENDANT SHOULD BE DISMISSED AND THE DEFENDANT DISCHARGED."
 {¶ 23} Upon review, the trial court's June 2, 2005 Judgment Entry dismisses the charges against appellee/cross-appellant and then assesses costs, including appointed counsel fees, against her.
 {¶ 24} Cross-appellant cites 29 Ohio Jurisprudence 3rd, Section 3984, stating a trial court may not assess court costs against a defendant who has not been found guilty and sentenced, absent an agreement otherwise between the parties.
 {¶ 25} The State of Ohio concurs with the ultimate conclusion as to costs assessed against cross-appellant, and concedes the trial court was without authority to assess costs against her.
 {¶ 26} O.R.C. Section 2947.23 provides:
 {¶ 27} (A)(1) In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs. * * *
 {¶ 28} We agree with both parties the trial court may only assess costs against a defendant when the trial court pronounces sentence upon the defendant. Accordingly we reverse the trial court's imposition of court costs.
 {¶ 29} Cross-appellant also cites O.R.C. 120.33(A)(4), relative to court-appointed counsel stating:
 {¶ 30} "The fees and expenses approved by the court shall not be taxed as part of the costs and shall be paid by the county. However, if the person represented has, or may reasonably be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay. Pursuant to section 120.04 of the Revised Code, the county shall pay to the state public defender a percentage of the payment received from the person in an amount proportionate to the percentage of the costs of the person's case that were paid to the county by the state public defender pursuant to this section. The money paid to the state public defender shall be credited to the client payment fund created pursuant to division (B)(5) of section 120.04 of the Revised Code."
 {¶ 31} After the indictment against cross-appellant was dismissed, the trial court did not conduct a hearing to determine if appellant had, or may reasonably be expected to have, the means to pay some part of her court-appointed counsel fees pursuant to O.R.C. 120.33. Therefore, we vacate the trial court's assessment of fees relative to court appointed counsel, and remand this issue to the trial court for further proceedings in accordance with O.R.C. 120.33.
 {¶ 32} The June 2, 2005 Judgment Entry of the Richland County Court of Common Pleas is affirmed, in part; reversed, in part; and vacated and remanded, in part, for further proceedings in accordance with the law and this opinion.
Hoffman, P.J. Farmer, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas is affirmed, in part; reversed, in part; vacated and remanded, in part, for further proceedings in accordance with the law and our opinion.
Costs assessed to appellant/cross-appellee State of Ohio.