OPINION *Page 2 
{¶ 1} Plaintiff-appellant the State of Ohio appeals the August 20, 2007 Judgment Entry of the Tuscarawas County Court of Common Pleas dismissing the indictment against defendant-appellee Theodore A. Lyon, II on the grounds of pre-indictment and post-indictment delay.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 4, 2004, undercover agent Jonathan Lopez of the Southeastern Narcotics Task Force made arrangements to purchase anabolic steroids from Appellee for the sum of $375 in the parking lot of Kent State Tuscarawas in New Philadelphia, Ohio. The sting operation arose from information obtained from an undercover informant. Officer Lopez paid Appellee for the steroids, but Appellee was delayed in delivering the same. Eventually, on July 19, 2004, Appellee delivered cattle steroids from his parent's farm to Officer Lopez. Appellee was immediately arrested. The sale activities were recorded both by video and audio recording devices, and all recordings were preserved.
 {¶ 3} As a result of his arrest, Appellee's parent's home in Harrison County, where Appellee resided, was searched. As a result, additional steroid preparations, manufacturing equipment, syringes and related items were confiscated.
 {¶ 4} During an interview at the police station, Appellee confirmed his home address. Appellee also provided the officers with an address of an apartment where he stayed. During his interview with investigating officers, Appellee admitted to the sale, offering a lengthy description of his steroid manufacturing operation. Again, the interview was recorded. *Page 3 
 {¶ 5} The evidence obtained from the investigation was sent to the BCI laboratory for testing on July 22, 2004. The analysis of the steroids was completed on September 2, 2004.
 {¶ 6} The Tuscarawas County Grand Jury indicted Appellee on August 22, 2005. On August 23, 2005, the Tuscarawas County Sheriff entered the indictment into the Law Enforcement Automated Data System (LEADS), pursuant to standard practice.
 {¶ 7} Following a traffic stop, Appellee was arrested on the warrant on January 8, 2007.
 {¶ 8} On April 30, 2007, Appellee filed a motion to dismiss the indictment due to delay. Following a hearing on the motion, the trial court dismissed the indictment on the grounds of pre-indictment and post-indictment delay, via Judgment Entry of August 20, 2007.
 {¶ 9} Appellant now appeals, assigning as error:
 {¶ 10} "I. THE TRIAL COURT ERRS IN DISMISSING AN INDICTMENT FOR PRE-INDICTMENT DELAY WITHOUT A DEMONSTRATION OF ANY PRE-INDICTMENT DELAY WITHOUT A DEMONSTRATION OF ANY PREJUDICE RESULTING FROM THE DELAY.
 {¶ 11} "II. THE TRIAL COURT ERRS IN DISMISSING AN INDICTMENT FOR POST INDICTMENT DELAY WHERE DELAYS ARE NOT UNREASONABLE AND WHERE DEFENDANT CANNOT DEMONSTRATE PREJUDICE."
 I. {¶ 12} In the first assignment of error, Appellant argues the trial court erred in dismissing the indictment for pre-indictment delay. *Page 4 
 {¶ 13} The U.S. Supreme Court has recognized different tests for pre-indictment and post-indictment delays. For purposes of pre-indictment delay, the United States Supreme Court set forth a two-part test in U.S. v. Lovasco (1977), 431 U.S. 783, 97 S.Ct. 2044,52 L.Ed.2d 752. Under the Lovasco pre-indictment delay analysis, a defendant has the burden of establishing a delay that results in actual prejudice to the defendant and that the delay was unjustifiable in light of the State's reasons for the delay. Id.
 {¶ 14} An unjustifiable delay between the commission of an offense and a defendant's indictment therefore, which results in actual prejudice to the defendant, is a violation of the right to due process of law under Section 16, Article I of the Ohio Constitution and the Fifth andFourteenth Amendments to the United States Constitution. State v.Luck (1984), 15 Ohio St.3d 150, 472 N.E.2d 1097, paragraph two of the syllabus.
 {¶ 15} A defendant bears the initial burden of producing evidence demonstrating the delay caused him actual prejudice. Id. at 157-158,472 N.E.2d 1097. "Any claim of prejudice, such as the death of a few witnesses, lost evidence, or faded memories, must be balanced against the other evidence in order to determine whether actual prejudice will be suffered by the defendant at trial." State v. Collins (1997), 118 Ohio App.3d 73, 76-77, 691 N.E.2d 1109, citing Luck. "It is the defendant's burden to demonstrate the exculpatory value of the alleged missing evidence." State v. Peoples, Franklin App. No. 02AP-945, 2003-Ohio-4680, at ¶ 30, citing United States v. Doerr (C.A.7, 1989), 86 F.2d 944. Finally, a court will not speculate as to whether the delay somehow prejudiced a defendant. State v. Jones (Oct. 22, 1991), Montgomery App. No. 12448. *Page 5 
 {¶ 16} Prejudice, under due process analysis, occurs where a defendant is unable to present a defense at trial due to the loss or decreased effectiveness of evidence. State v. Davis, 2007-Ohio 7216.
 {¶ 17} Based upon the above, Appellee must demonstrate actual prejudice resulting from the pre-indictment delay. A claim of some possible prejudice or a bare allegation potential prejudice is insufficient. Appellee alleges he has suffered prejudice because the confidential informant, whose location may now be unknown, might have some knowledge about the events prior to the sale of the steroids. However, the record demonstrates the entire transaction was both video and audio recorded. Further, all of the evidence, including steroids, syringes and related items seized are still secure for independent analysis. All of the witnesses to the charged conduct are alive and available to testify. Finally, Appellee made a complete confession during his interview with the investigating officers. Accordingly, we find Appellee did not demonstrate actual prejudice as a result of the pre-indictment delay.
 {¶ 18} The first assignment of error is sustained.
 II. {¶ 19} In the second assignment of error, Appellant argues the trial court erred in finding post-indictment delay.
 {¶ 20} In this Court's opinion in State v. Bodie 2006-Ohio-29, we addressed our standard of review: "As an appellate court, we must accept as true any facts found by the trial court and supported by competent credible evidence. With regard to the legal issues, however, we apply a de novo standard of review and thus freely review the trial court's application of the law to the facts." The same "mixed question" standard has *Page 6 
been adopted by other appellate courts. See, State v. Jones (June 4, 1996), Fourth District App. No. 95CA2128; State v. Davilla (August 25, 2004), Ninth District App. No. 03CA008413."
 {¶ 21} Again, the U.S. Supreme Court has recognized different tests for pre-indictment and post-indictment delays. For purposes of post-indictment delay, the United States Supreme Court set forth a four-part test in Barker v. Wingo (1972), 407 U.S. 514, 92 S.Ct. 2182,33 L.Ed.2d 101. Under Barker, a trial court is required to consider four factors: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his rights; and (4) prejudice to the defendant. Id. at 467.
 {¶ 22} "The first [Barker] factor, the length of delay, is a `triggering mechanism,' determining the necessity of inquiry into the other factors." Doggett v. United States (1992), 505 U.S. 647, 652,112 S.Ct. 2686, 2691, 120 L.Ed.2d 520, 528, fn. 1; State v. Triplett (1997),78 Ohio St.3d 556, 558. This factor involves a dual inquiry. Id. First, a threshold determination is made as to whether the delay was "presumptively prejudicial," triggering the Barker inquiry. Next, the length of the delay is again considered and balanced against the other factors. Id.
 {¶ 23} The State maintains Appellee did not suffer any actual prejudice as a result of the post-indictment delay. The State citesBarker, supra, which noted:
 {¶ 24} "Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the *Page 7 
defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." Id.
 {¶ 25} Upon review of the record and the factors set forth above, we find the State did not exercise due diligence in executing the warrant on Appellee. Based upon the factors set forth in Barker, we note, the delay was 16 months, thus triggering additional analysis. However, after weighing these factors against the remaining factors with regard to Appellee's assertion of his rights and prejudice to Appellee, we respectfully disagree with the trial court's finding of post-indictment delay. As addressed in our analysis and disposition of the first assignment of error, the State's delay did not cause actual prejudice to the Appellee. Rather, the record demonstrates the evidence, witnesses and recordings are available for trial, as well as, Appellee's confession to the charges.
 {¶ 26} Accordingly, the second assignment of error is sustained. *Page 8 
 {¶ 27} The August 20, 2007 Judgment Entry of the Tuscarawas County Court of Common Pleas is reversed, and the matter remanded to that court for further proceedings in accordance with the law and this opinion.
By: Hoffman, P.J. Gwin, J. and Edwards, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas is reversed, and the matter remanded to the trial court for further proceedings in accordance with the law and our opinion. Costs assessed to Appellee. *Page 1