[Cite as *State v. Conner*, 2023-Ohio-1806.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| MARQUAWN L. CONNER | : | Case No. 2022-CA-00038 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Case No. CRB 21-CRB-1469


JUDGMENT:      Vacated and Remanded


DATE OF JUDGMENT:      May 30, 2023


APPEARANCES:

For Plaintiff-Appellee

MITCHELL R. HARDEN
136 West Main Street
Lancaster, OH 43130

For Defendant-Appellant

SCOTT P. WOOD
120 E. Main Street
Suite 200
Lancaster, OH 43130

*King, J.*

{¶ 1}  Defendant-Appellant Marquawn L. Conner appeals the judgment of the Fairfield County Court of Common Pleas which denied his presentence motion to withdraw his guilty plea. Plaintiff-Appellee is the state of Ohio.

{¶ 2}  On November 10, 2021 in the Fairfield County Municipal Court, Conner was charged by complaint with one count each of domestic violence, assault, and aggravated menacing, misdemeanors of the first degree. He was further charged with unlawful restraint, a misdemeanor of the third degree.

{¶ 3}  On May 11, 2022, following negotiations with the state, Conner entered a plea of guilty to the charge of domestic violence. In exchange for his plea, the state dismissed the remaining charges. The matter was set for sentencing on September 19, 2022.

{¶ 4}  On July 15, 2022, counsel for Conner was permitted to withdraw. The trial court appointed new counsel the same day.

{¶ 5}  On August 11, 2022, Conner, through newly-appointed counsel, filed a motion to withdraw his guilty plea. The motion asserted Conner did not have the opportunity to fully review his case or consult with counsel before entering his plea, and further that he was not notified of the enhancement aspects of his guilty plea before entering his plea. The motion further indicated Conner believed there was a potential defense to the charges.

{¶ 6}  On August 15, 2022, the trial court denied Conner's motion via judgment entry, without a hearing.

{¶ 7}   On September 19, 2022, Conner appeared for sentencing. During the hearing counsel for Conner attempted to raise the issue of the motion to withdraw Conner's guilty plea:

[Counsel for Conner]: Your Honor, thank you. First note, I'd like to renew on the record regarding the Court's ruling denying the request to withdraw guilty plea. We'd argue that the law says that that should be done freely and liberally in a case like this. My client had different counsel, was never notified of the enhancement provisions of pleading guilty to domestic violence, he had a warrant when he appeared for being late for a prior hearing. He indicates he was compelled at that point or advised that if he did not accept a plea, he would go to jail immediately and that's the only reason he accepted the plea. We believe them to be relevant factors that should –

The Court: I already overruled it.

[Counsel for Conner]: Understood.

{¶ 8}   Transcript of sentencing hearing at 4.

{¶ 9}   The trial court subsequently sentenced Conner to 180 days in jail with 177 days suspended and credit for 3 days served. Conner was further sentenced to 2 years of community control.

{¶ 10} Conner timely filed an appeal and the matter is now before this court for consideration, He raises one assignment of error as follows:

I

{¶ 11} "THE TRIAL COURT ERRED IN FAILING TO CONDUCT AN ORAL HEARING ON APPELLANT'S PRE-SENTENCE MOTION TO WITHDRAW HIS GUILTY PLEA."

{¶ 12} In his sole assignment of error, Conner argues the trial court abused its discretion when it failed to provide an oral hearing on his presentence motion to withdraw his guilty plea. We agree.

{¶ 13} Our review of a trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. *State v. Caraballo*, 17 Ohio St.3d 66, 477 N.E.2d 627 (1985). "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Ent., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). An unreasonable decision is one backed by no sound reasoning process which would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

{¶ 14} Crim.R. 32.1 states as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 15} The Supreme Court of Ohio has stated a pre-sentence motion to withdraw a guilty plea "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). That does not mean, however, a defendant has an absolute right to withdraw a guilty plea prior to sentencing. *Id.* at paragraph one of the syllabus. There must be "a reasonable and legitimate basis for withdrawal of the plea." *Id.* "[T]he trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* at 527. Whether a "reasonable and legitimate basis" for the withdrawal of a plea exists also lies within the trial court's sound discretion. *State v. Rosemark*, 116 Ohio App.3d 306, 308, 688 N.E.2d 22 (9th Dist. 1996).

{¶ 16} In the instant matter, we first note the judge who denied Conner's motion to withdraw his guilty plea was not the same judge who took the plea. Additionally, there is nothing in the record to support a conclusion that the judge who denied the motion reviewed a transcript of the plea hearing before issuing a decision.

{¶ 17} Second, because this was a presentence motion to withdraw, the trial court was required to hold a hearing on the matter. While it is true that the *Xie* court did not specify what type of hearing is required on a presentence motion to withdraw a guilty plea, a defendant seeking to withdraw his plea prior to sentencing is nonetheless entitled to a hearing which comports with the minimum standards of due process. *State v. Foster*, 5th Dist. Licking No. 2006 CA 00152, 2006-Ohio-29, ¶ 27.

{¶ 18} Conner was not provided with an appropriate hearing, and his motion was denied by a judge who did not take his plea. We therefore find the trial court abused its discretion by denying Conner's motion without full and fair consideration.

{¶ 19} Conner's assignment of error is well taken. The judgment of the Fairfield County Court of Common Pleas is vacated and the matter is remanded for an appropriate hearing.

By King, J.,

Gwin, P.J. and

Hoffman, J. concur.