JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Defendant-appellant, Larry Copeland, appeals from the decision of the Cuyahoga County Court of Common Pleas that denied his motion to dismiss for speedy trial violation. Finding no error in the proceedings below, we affirm.
 {¶ 2} Copeland's charges arose out of an incident that occurred on July 19, 1996. On September 28, 1998, Copeland was sentenced to 12 years in prison in another case. While in prison, Copeland was required to submit a DNA specimen pursuant to R.C. 2901.07(B)(2). His DNA was collected in 2001. On March 9, 2006, the Bureau of Criminal Identification and Investigation issued a report that indicated that Copeland's DNA matched the DNA found on the vaginal swabs taken from the victim in 1996.
 {¶ 3} Copeland was indicted on April 14, 2006, and charged with two counts of rape, in violation of R.C. 2907.02(A)(2), with firearm, sexually violent predator, notice of prior conviction, and repeat violent offender specifications; two counts of aggravated robbery, in violation of R.C. 2911.01(A)(1), with firearm, notice of prior conviction, and repeat violent offender specifications; one count of kidnapping in violation of R.C. 2905.01(A)(1), with firearm, sexually violent offender specifications; and having a weapon under disability in violation of R.C. 2923.13.
 {¶ 4} On January 24, 2007, Copeland was re-indicted with the same charges. The new indictment corrected an error with the prior case number used for the repeat violent offender and notice of prior conviction specifications. Copeland was *Page 3 
arraigned on the new case on January 29, 2007, and the old case was dismissed. The trial court also ruled that "all motions previously filed in Case 479779 will be applicable and binding as if filed in Case 491243." The trial court denied Copeland's pro se motions, which asserted that his prosecution was barred by the statute of limitations in effect in 1996 and that his right to speedy trial had been violated.
 {¶ 5} That same day, Copeland pled no contest to the indictment, preserving his right to appeal the trial court's denial of his motions. Copeland was sentenced to 15 years in prison, which sentence was ordered to run concurrent with the sentence Copeland was already serving.
 {¶ 6} Copeland appeals, advancing one assignment of error for our review, which states the following:
 {¶ 7} "The trial court erred in denying appellant's motion to dismiss for denial of speedy trial in violation of the Constitutions of Ohio and the United States."
 {¶ 8} Copeland argues that his due process rights have been violated by the 10-year delay between the commission of the crime and his indictment for said acts. He argues that the delay triggers a presumption of prejudice.
 {¶ 9} It is well settled that the right to a speedy trial does not arise until a person has been "accused" of a crime. See United States v.Marion (1971), 404 U.S. 307. "Where the defendant is not subjected to any official prosecution a delay between the offense in question and commencement of prosecution does not violate the speedy trial guarantee contained in Section 10, Article I of the Ohio *Page 4 
Constitution." State v. Doksa (1996), 113 Ohio App.3d 277, 280; see 25 Ohio Jurisprudence 3d (2000) 479-80, Criminal Law, Section 400. However, it is also well settled that a preaccusation delay may constitute a violation of the constitutional guarantees of due process of law if the delay violates those "fundamental conceptions of justice which lie at the base of our civil and political institutions" that define "the community's sense of fair play and decency." United States v.Lovasco (1977), 431 U.S. 783; see Doksa, 113 Ohio App.3d at 277.
 {¶ 10} Courts reviewing a decision on a motion to dismiss for preindictment delay accord deference to the lower court's findings of fact but engage in a de novo review of the lower court's application of those facts to the law. State v. Henley, Cuyahoga App. No. 86591,2006-Ohio-2728. The statute of limitations provides the "primary guarantee against bringing overly stale criminal charges." Id., citingUnited States v. Lovasco (1977), 431 U.S. 783.
 {¶ 11} By an amendment effective March 9, 1999, the Ohio General Assembly extended the statute of limitations for rape from 6 to 20 years. See R.C. 2901.13(A)(3)(a). The amendment applies retroactively to offenses committed prior to the amendment, provided that the statute of limitations for such offenses had not yet expired by March 9, 1999. SeeState v. Bentley, Ashtabula App. No. 2005-A-0026, 2006-Ohio-2503.
 {¶ 12} In this case the criminal conduct occurred in 1996. The 6-year statute of limitations at the time had not yet expired when the General Assembly's *Page 5 
amendment of R.C. 2901.13 became effective in March 1999. As a result, the 20-year statute of limitations applies to the instant offense. The indictment was filed on April 14, 2006, well within the 20-year statute of limitations. Accordingly, the trial court correctly denied Copeland's motion to dismiss on this basis.
 {¶ 13} Nevertheless, dismissal of charges may be required when there has been an unjustifiable preindictment delay. Henley, supra. "To warrant dismissal on the basis of preindictment delay, a defendant must present evidence establishing substantial prejudice. Once the defendant fulfills that burden, the state has the burden of producing evidence of a justifiable reason for the delay." State v. Walls, 96 Ohio St.3d 437,2002-Ohio-5059. "The determination of `actual prejudice' involves `a delicate judgment based on the circumstances of each case.'" Id. at ¶ 52, quoting United States v. Marion (1971), 404 U.S. 307, 325. A court must consider "the evidence as it exists when the indictment is filed and the prejudice the defendant will suffer at trial due to the delay." Id. "In proving substantial prejudice, the defendant must show the exculpatory value of the alleged missing evidence." State v. Gulley
(Dec. 20, 1999), Butler App. No. CA99-02-004. Further, "prejudice may not be presumed from a lengthy delay." Id.
 {¶ 14} Here, there was a 10-year delay between the crime and the indictment; however, Copeland did not allege any prejudice other than arguing a general presumption of prejudice based on the length of the delay. Prejudice is not presumed from a lengthy delay. Since Copeland has the burden of presenting *Page 6 
evidence of substantial prejudice and has put forth no evidence, we find that the trial court did not err when it denied Copeland's motion to dismiss for preindictment delay. Accordingly, Copeland's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and CHRISTINE T. MCMONAGLE, J., CONCUR *Page 1