OPINION
{¶ 1} Defendant-appellant, Adam L. Fox, appeals his conviction in the Fayette County Court of Common Pleas of one count of drug possession in violation of R.C. 2925.11, a felony of the fifth degree. For the reasons discussed below, we affirm appellant's conviction.
 {¶ 2} On the afternoon of July 30, 2006, appellant and two friends were driving home from a concert when they were stopped for a speeding violation in Fayette County, Ohio by *Page 2 
Trooper Dana Jo Stevens of the Ohio State Highway Patrol. Appellant was sitting in the back seat of the vehicle at the time of the stop. After approaching the vehicle and speaking with the driver, Trooper Stevens detected a "strong odor of marijuana" coming from the vehicle. He asked appellant, as well as the driver and front seat occupant, to exit the vehicle while a search was conducted.
 {¶ 3} During the search, Trooper Stevens observed a duffle bag in the back seat. When he picked it up, he heard what he thought were "pills rattling" inside. Upon opening the bag, Trooper Stevens found a prescription medication bottle with appellant's name on the label, as well as two clear plastic bags: one containing what appeared to be marijuana, and the other appearing to contain psilocyn, a substance commonly known as hallucinogenic mushrooms. Trooper Stevens also found a pack of rolling papers in the back seat near the duffle bag. When asked, appellant told Trooper Stevens that the duffle bag belonged to him.
 {¶ 4} After the search was completed, Trooper Stevens removed the contraband from the vehicle and appellant's duffle bag, and secured it in his cruiser. Appellant was issued a citation and summons for possession of marijuana and possession of drug paraphernalia. Appellant did not receive a citation for possession of psilocyn at the time of the stop.
 {¶ 5} Trooper Stevens testified that after returning to the patrol post, he field tested the contents of one of the plastic bags, which tested positive for marijuana. He then submitted both bags for analysis at the state highway patrol crime laboratory. The lab results indicated that one bag contained 3.391 grams of marijuana, and the other contained 0.996 grams of psilocyn.
 {¶ 6} Appellant was arraigned on the trooper's citation and summons on August 7, 2006. He entered a no contest plea to the charges of possessing drug paraphernalia in violation of R.C. 2925.14 and marijuana possession in violation of R.C. 2925.11. He was found guilty of the charges by the Washington Court House Municipal Court. *Page 3 
 {¶ 7} Appellant was subsequently indicted for possession of psilocyn on April 2, 2007. On January 9, 2008, appellant was tried by a jury and convicted of the charge. The trial court sentenced appellant to 30 days imprisonment and two years of community control. Appellant now appeals his conviction, advancing five assignments of error for our review. For ease of discussion, appellant's assignments of error will be addressed out of order.
 {¶ 8} Assignment of Error No. 2:
 {¶ 9} "THE VERDICT OF THE JURY [IS] AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 10} In his second assignment of error, appellant argues that his drug possession conviction is against the manifest weight of the evidence. In considering a manifest weight challenge, an appellate court must review the entire record, weighing the evidence and all reasonable inferences, and consider the credibility of witnesses. State v.Hubbard, Warren App. No. CA2007-01-008, 2008-Ohio-2630, ¶ 8, citingState v. Hancock, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 39. The question is whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v.Bryant, Warren App. No. CA2007-02-024, 2008-Ohio-3078, ¶ 30.
 {¶ 11} In performing its review, an appellate court must be mindful that the original trier of fact was in the best position to judge the credibility of the witnesses and the appropriate weight to be given the evidence. Hubbard at ¶ 14, citing State v. DeHass (1967),10 Ohio St.2d 230, 231. A reviewing court must not substitute its evaluation of the witnesses' credibility for that of the jury. State v. Benge,75 Ohio St.3d 136, 143, 1996-Ohio-227. "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175. *Page 4 
 {¶ 12} Appellant was convicted of violating R.C. 2925.11(A) which provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." Possession is defined under R.C. 2925.01(K) as "having control over a thing or substance * * *." A person may be in actual or constructive possession of a substance. See State v.Wolery (1976), 46 Ohio St.2d 316, 329. Constructive possession exists when a person exercises dominion and control over something even though it is not within his immediate physical possession. State v.Hankerson (1982), 70 Ohio St.2d 87, 91. "[O]wnership need not be proven to establish constructive possession." State v. Collins, Summit App. No. 23005, 2006-Ohio-4722, at ¶ 11, citing State v. Mann (1993),93 Ohio App.3d 301, 308. Circumstantial evidence that a person was located in close proximity to readily usable drugs may be used to show that the person was in constructive possession of the drugs. State v. Barr
(1993), 86 Ohio App.3d 227, 235.
 {¶ 13} The Ohio Revised Code defines the culpability element "knowingly" as "when [a defendant] is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). To act knowingly, a defendant merely has to be aware that the result may occur. State v. Nutekpor, Wood App. No. WD-05-062, 2006-Ohio-4641, ¶ 15, citing State v. Edwards (1992),83 Ohio App.3d 357, 361. The Ohio Supreme Court has concluded that if a defendant's mental state is difficult to demonstrate with direct proof, it may be "inferred from the surrounding circumstances." State v.Logan (1979), 60 Ohio St.2d 126, 131.
 {¶ 14} Appellant contends that the evidence presented to the jury did not support its conclusion that he knowingly possessed psilocyn. At trial, appellant testified that he did not take psilocyn with him to the concert, and did not use or purchase the drug while he was there. Appellant further testified that he never observed his friends using psilocyn at any point during their trip. Appellant theorized that because they attended an outdoor concert and had slept in a tent overnight, another concert attendee could have placed the psilocyn in his duffle *Page 5 
bag without his knowledge.
 {¶ 15} Appellant also challenges the credibility of the state's primary witness, Trooper Stevens, arguing that his testimony was "at a minimum suspect," because he could not readily recall certain details of the traffic stop, such as the color of the duffle bag or the number of passengers in the vehicle. Appellant contends that videotape evidence of the stop, as well as the contraband, should have been introduced to show Trooper Stevens' actual seizure of the psilocyn as well as any statements made by appellant. At trial, Trooper Stevens testified that he was unsure as to the whereabouts of the videotape. According to Trooper Stevens, the state highway patrol's policy was to store video evidence for 60 days, unless otherwise requested. He also testified that although contraband was typically placed in storage at the crime laboratory after testing, it was possible that the psilocyn at issue could have been destroyed prior to trial.
 {¶ 16} Although appellant takes issue with the fact that the videotape and the contraband were not produced at trial, we fail to see how the absence of this evidence produced an erroneous guilty verdict. The circumstances surrounding the traffic stop and Trooper Stevens' testimony were not contested by appellant. The psilocyn was found inside a duffle bag which admittedly belonged to appellant. In addition to evidence presented of his convictions, appellant admitted at trial that the marijuana found inside the duffle bag, as well as the rolling papers, were his.
 {¶ 17} The state also introduced a property report and controlled substance examination report prepared by the state highway patrol. The property report was dated July 30, 2006 and stated in part that, "1 plastic bag containing suspected psyliciban" was found in the "pocket of duffle bag in back seat of [the] vehicle." The controlled substance examination report also stated that the substance was in fact psilocyn. Both reports were admitted into evidence without objection from appellant. Based on the foregoing, the jury could reasonably *Page 6 
infer that appellant had knowledge that the psilocyn was in his duffle bag.
 {¶ 18} Furthermore, with respect to appellant's contention that Trooper Stevens' testimony lacked credibility, the jury was able to listen to each witness presented and judge their respective credibility. It was within the jury's province to determine that Trooper Stevens' account of the incident was more credible than that of appellant. SeeState v. Howard, Ross App. No. 07CA2948, 2007-Ohio-6331, ¶ 16. "The jury is `best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of proffered testimony.'" Id., quoting Seasons Coal Co.v. Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 19} Upon review, we conclude that there was substantial evidence presented to the jury, which, if believed, would support appellant's conviction. Accordingly, it cannot be said that the jury lost its way and created a manifest miscarriage of justice in determining that appellant knowingly possessed psilocyn. Appellant's second assignment of error is overruled.
 {¶ 20} Assignment of Error No. 1:
 {¶ 21} "THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT APPELLANT'S CRIMINAL RULE 29 MOTION WHERE THERE WAS INSUFFICIENT EVIDENCE PRESENTED TO SUPPORT THE CHARGE."
 {¶ 22} In his first assignment of error, appellant contends that the trial court erred in failing to grant his Crim. R. 29 motion for judgment of acquittal. At trial, appellant argued that there was insufficient evidence presented to the jury to support the drug possession charge, claiming that there was no evidence presented that he knowingly possessed psilocyn. We disagree.
 {¶ 23} Pursuant to Crim. R. 29(A), "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged * * *, if the evidence is insufficient to sustain a *Page 7 
conviction of such offense or offenses." The purpose of a motion for acquittal is to "test[] the sufficiency of the evidence presented at trial." State v. Terry, Fayette App. No. CA2001-07-012, 2002-Ohio-4378, ¶ 9, citing State v. Williams, 74 Ohio St.3d 569, 576, 1996-Ohio-91;State v. Miley (1996), 114 Ohio App.3d 738, 742. Therefore, "a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman (1978), 55 Ohio St.2d 261, paragraph one of the syllabus. A trial court's decision to deny a motion for acquittal based upon the sufficiency of the evidence will be upheld if, construing the evidence in a light most favorable to appellee, any rational fact-finder could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Dennis, 79 Ohio St.3d 421, 430,1997-Ohio-372.
 {¶ 24} In our disposition of appellant's manifest weight challenge, we concluded that there was substantial evidence presented which, if believed by the jury, would support appellant's conviction for drug possession. This court has previously determined that because a finding of sufficient evidence is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. See State v. Wilson, Warren App. No. CA2006-01-007, 2007-Ohio-2298, ¶ 35. Accordingly, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. Id.
 {¶ 25} Upon review of the record, we find that there was sufficient evidence presented from which the jury could conclude that the state proved the elements of drug possession beyond a reasonable doubt. As a result, the trial court did not err in overruling the motion for acquittal under Crim. R. 29. Appellant's first assignment of error is therefore overruled.
 {¶ 26} Assignment of Error No. 3:
 {¶ 27} "THE TRIAL COURT ERRED BY FAILING TO GRANT APPELLANT'S MOTION *Page 8 
FOR A NEW TRIAL WHERE THERE WAS A PRESUMPTION OF JUROR MISCONDUCT."
 {¶ 28} In his third assignment of error, appellant argues that the trial court erred in failing to grant his motion for a new trial on the basis of alleged juror misconduct. During the pendency of this appeal, appellant indicated his desire to withdraw this particular assignment of error. Accordingly, we will neither address nor consider arguments pertaining to this issue.
 {¶ 29} Assignment of Error No. 4:
 {¶ 30} "THE TRIAL COURT ERRED BY FAILING TO DISMISS THE CHARGE AGAINST APPELLANT WHERE THERE WAS PRE-INDICTMENT DELAY THAT SUBSTANTIALLY PREJUDICED HIS DEFENSE."
 {¶ 31} Assignment of Error No. 5:
 {¶ 32} "APPELLANT WAS PREJUDICED BY [THE] INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 33} Appellant's fourth and fifth assignments of error will be considered together, as they involve substantially similar issues.
 {¶ 34} In his fourth assignment of error, appellant argues that he was prejudiced by the approximate eight-month delay between the date of the traffic stop, July 30, 2006, and his indictment on April 2, 2007. Specifically, appellant argues that the delay resulted in an "inability to properly prepare his defense," because video evidence of the stop was not introduced at trial and presumed by appellant to be lost or destroyed.
 {¶ 35} In his fifth assignment of error, appellant argues that he was prejudiced by his trial counsel's failure to file a motion to dismiss for preindictment delay, as well as either a motion to suppress or motion in limine regarding the alleged "missing, lost, or destroyed" video evidence.
 {¶ 36} The Ohio Supreme Court has concluded that the delay between the commission of an offense and an indictment, can, under certain circumstances, constitute a violation of *Page 9 
due process of law guaranteed by the federal and state constitutions. See State v. Luck (1984), 15 Ohio St.3d 150, paragraph two of the syllabus. "To warrant a dismissal on the basis of preindictment delay, a defendant must present evidence establishing substantial prejudice."State v. Walls, 96 Ohio St.3d 437, 2002-Ohio-5059, ¶ 51. Once the defendant meets that burden, the state must produce evidence of a "justifiable reason for the delay." Id.
 {¶ 37} "Any claim of prejudice, such as the death of a key witness, lost evidence, or faded memories, must be balanced against the other evidence in order to determine whether actual prejudice will be suffered by the defendant at trial. * * * If the court determines that the defendant will suffer actual prejudice at trial as a result of the delay in commencing prosecution, the court must then determine whether the reason for that delay is unjustifiable." State v. Collins (1997),118 Ohio App.3d 73, 76-77. (Internal citations omitted.) An unjustifiable delay may occur where it is undertaken intentionally to gain some tactical advantage over the defendant, or when the state is negligent in failing to actively investigate the case. Id. at 77. However, prejudice may not be presumed from a lengthy delay. Id. "In proving substantial prejudice, the defendant must show the exculpatory value of the alleged missing evidence." State v. Gulley (Dec. 20, 1999), Butler App. No. CA99-02-004, at 3.
 {¶ 38} With respect to appellant's ineffective assistance of counsel argument, in determining whether counsel's performance is deficient, an appellate court must find that counsel's actions fell below an objective standard of reasonableness and that appellant was prejudiced as a result. Strickland v. Washington (1984), 466 U.S. 668, 687-688, 694,104 S.Ct. 2052. In demonstrating prejudice, an appellant must show that there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different. Id. at 694. A strong presumption exists that a licensed attorney is competent and that the challenged action is the product of sound trial strategy and falls within the wide range of professional assistance. Id. at 689. *Page 10 
 {¶ 39} Upon review, we conclude that appellant has failed to demonstrate that he suffered substantial prejudice as a result of the alleged preindictment delay. Initially, we note that appellant's prosecution was commenced well-within the applicable six-year statute of limitations period. See R.C. 2901.13(A)(1)(a). The statute of limitations provides the "primary guarantee against bringing overly stale criminal charges." State v. Copeland, Cuyahoga App. No. 89455,2008-Ohio-234, ¶ 10, citing United States v. Lovasco (1977),431 U.S. 783, 789, 97 S.Ct. 2044. See also Collins, 118 Ohio App.3d at 77
(concluding that any period of delay in commencing prosecution that falls within the six-year limitations period is not prejudicial in the absence of specific, contrary evidence).
 {¶ 40} Moreover, although Trooper Stevens testified that it was possible that video evidence was destroyed two months after the July 30, 2006 traffic stop, in light of the other uncontroverted evidence presented of his guilt, appellant has not established that this evidence would have proven valuable at trial. The possibility that memories will dim, witnesses will become inaccessible, or evidence will be lost is not enough in itself to establish actual prejudice to justify the dismissal of an indictment. United States v. Marion (1971), 404 U.S. 307, 325-326,92 S.Ct. 455.
 {¶ 41} Based on appellant's failure to demonstrate his initial burden, i.e., that the eight-month delay substantially prejudiced his defense, we likewise conclude that his ineffective assistance argument fails, as it cannot be said that, but for his trial counsel's failure to file a motion to dismiss, the result of appellant's trial would have been different. Appellant has similarly failed to establish how his counsel's filing of a motion to suppress or motion in limine would have resulted in his acquittal of the drug possession charge.
 {¶ 42} Appellant's fourth and fifth assignments of error are overruled.
 {¶ 43} Judgment affirmed. *Page 11 
 WALSH, P.J., and BRESSLER, J., concur. *Page 1