[Cite as *State v. Clemons*, 2013-Ohio-5131.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99754**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## MARLON CLEMONS

DEFENDANT-APPELLEE

### JUDGMENT:
### REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-548254

**BEFORE:**   McCormack, J., Stewart, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:**   November 21, 2013

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Milko Cecez
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH 44113


**ATTORNEY FOR APPELLEE**

Mary Elaine Hall
645 Leader Building
526 Superior Avenue, East
Cleveland, OH 44114

TIM McCORMACK, J.:

{¶1} The state of Ohio appeals the trial court's dismissal of the case against Marlon Clemons for want of prosecution. For the following reasons, we reverse the decision of the trial court.

## Procedural Facts and Substantive History

{¶2} This appeal stems from an incident on July 25, 2009, where Clemons allegedly engaged in felonious assault against Villard Bradley. According to the police report filed by the Cleveland Police Department, Clemons fired a weapon several times at Mr. Bradley and his home. The Cleveland police issued a warrant for Clemons's arrest on August 6, 2009, for discharging a firearm into a habitation. According to the state, Clemons eluded capture.

{¶3} In 2010, while the outstanding warrant that was issued in August 2009 remained active, the Cleveland police apprehended and arrested Clemons for two different crimes. Clemons was prosecuted in Cuyahoga C.P. No. CR-530392 for escape, purportedly occurring on August 28, 2009. He was indicted in November 2009, and he was in custody beginning on March 12, 2010. On March 30, 2010, Clemons pleaded guilty to attempted escape and he was sentenced to one year incarceration, with credit for time served.

{¶4} While incarcerated, Clemons was indicted in Cuyahoga C.P. No. CR-536887 for aggravated robbery, kidnapping, and having weapons while under a

disability for alleged criminal activity that approximately occurred on January 19, 2010. A jury found Clemons not guilty of these charges, and he was returned to the Lorain Correctional Institution to serve out the balance of his sentence in Case No. CR-530392.

{¶5} On March 11, 2011, the day Clemons was released from prison after serving the one-year term in Case No. CR-530392, he was arrested by the Cleveland police for the crimes that allegedly occurred nearly two years earlier on July 25, 2009, and is the subject of this appeal. He was indicted on March 21, 2011, and charged with three counts of improper discharging into a habitation, in violation of R.C. 2923.161(A)(1), and two counts of felonious assault, in violation of R.C. 2903.11(A)(2). All counts included firearm specifications. According to the state, Clemons posted bond and went capias on April 6, 2011, until he was ultimately apprehended and arrested again on July 10, 2012. He was arraigned on July 11, 2012.[1]

{¶6} On March 15, 2013, Clemons filed a motion to dismiss for want of prosecution. The trial court granted Clemons's motion without a hearing or a written decision on March 29, 2013, and the case was dismissed with prejudice. The state's appeal follows.

---

[1] Following Clemons's arrest on July 10, 2012, he was charged with two additional crimes. In Cuyahoga C.P. No. CR-555643, he was charged with escape and he was sentenced to six months in county jail. He was diverted to the residential sanctions program and, with time served, released. In Cuyahoga C.P. No. CR-566953, he was charged with two counts of felonious assault, one count of aggravated robbery, and one count of having a weapon while under a disability, all of which he was found not guilty.

## Assignment of Error

**{¶7}** "The trial court erred in dismissing the case with prejudice when there was no preindictment delay and the defendant did not demonstrate actual prejudice."

## Law and Analysis

**{¶8}** Clemons's motion to dismiss was based upon the premise that his constitutional speedy trial rights were violated where almost two years had passed between the alleged incident in July 2009, which formed the basis for his arrest warrant issued in August 2009, and his indictment in March 2011. The state contends that Clemons's speedy trial time did not begin until he was indicted on March 21, 2011, and he failed to show he was prejudiced by any preindictment delay.

**{¶9}** The Sixth Amendment to the United States Constitution provides that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." The Ohio Constitution provides this same right. *See* Section 10, Article I of the Ohio Constitution; *State v. Eicher*, 8th Dist. Cuyahoga No. 89161, 2007-Ohio-6813, ¶ 28. The time requirements of R.C. 2945.71 to 2945.73 concerning a defendant's statutory speedy trial rights "are not relevant to a determination of whether a defendant's constitutional right to a speedy trial has been violated by an unjustified delay in prosecution." *State v. Kutkut*, 8th Dist. Cuyahoga No. 98479, 2013-Ohio-1442, ¶ 10, quoting *State v. Carmon*, 8th Dist. Cuyahoga No. 75377, 1999 Ohio App. LEXIS 5458, *3 (Nov. 18, 1999).

**{¶10}** The right to a speedy trial does not arise until a person has been "accused" of a crime. *State v. Copeland*, 8th Dist. Cuyahoga No. 89455, 2008-Ohio-234, ¶ 9. The United States Supreme Court held that the speedy trial clause of the Sixth Amendment does not apply to the period before a defendant is indicted, arrested, or otherwise officially accused. *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Similarly, the Ohio Supreme Court held that where the defendant is not subjected to any official prosecution, a delay between the offense and the commencement of prosecution is not protected by the speedy trial guarantee contained in Section 10, Article I of the Ohio Constitution. *State v. Luck*, 15 Ohio St.3d 150, 153, 472 N.E.2d 1097 (1984).

**{¶11}** In Ohio, however, a defendant may assert preindictment speedy trial rights where the state has actually initiated its criminal prosecution or has issued an official accusation prior to indictment. *State v. Davis*, 7th Dist. Mahoning No. 05 MA 235, 2007-Ohio-7216, ¶ 23, citing *State v. Selvage*, 80 Ohio St.3d 465, 466, 687 N.E.2d 433 (1997); *Luck* at 153. In this case, Clemons was not prosecuted for, or accused of, the crimes now under review prior to his indictment on March 21, 2011. Therefore, the facts of this case do not indicate any speedy trial violation.

**{¶12}** It is well settled, however, that preaccusation delay constitutes a violation of the constitutional guarantees of due process of law where the delay violates the "fundamental conceptions of justice which lie at the base of our civil and political institutions" and define "the community's sense of fair play and decency." *United States*

*v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); *see Copeland*. An "unjustifiable delay" between the commission of an offense and the defendant's indictment, which results in "actual prejudice" to the defendant, is a violation of the right to due process of law under Section 16, Article I of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution. *Luck* at paragraph two of the syllabus.

{¶13} Because the alleged delay in this case occurred prior to Clemons's indictment and the state had not initiated an official accusation prior to indicting Clemons, we consider Clemons's argument under a due process analysis. In reviewing the trial court's decision on a motion to dismiss for preindictment delay, we apply a de novo standard of review to the legal issues but afford great deference to the findings of fact made by the trial judge.[2] *State v. Wade*, 8th Dist. Cuyahoga No. 90029, 2008-Ohio-4574, ¶ 45, citing *State v. Henley*, 8th Dist. Cuyahoga No. 86591, 2006-Ohio-2728.

{¶14} In order "[t]o warrant dismissal on the basis of preindictment delay, a defendant must present evidence establishing substantial prejudice." *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, ¶ 51, citing *State v. Whiting*, 84 Ohio

---

[2] The trial court provided no findings of fact or written analysis in support of its decision to grant Clemons's motion to dismiss for want of prosecution. We, therefore, cannot discern under which analysis the court reached its determination — a constitutional speedy trial violation, as alleged by Clemons in his motion, or a due process violation, as considered by this court. We note, however, that the standards of review in both analyses are the same. *See Kutkut*, 8th Dist. Cuyahoga No. 98479, 2013-Ohio-1442, at ¶ 7, citing *State v. Barnes*, 8th Dist. Cuyahoga No. 90847, 2008-Ohio-5472, ¶ 17.

St.3d 215, 217, 1998-Ohio-575, 702 N.E.2d 1199.   If the defendant establishes prejudice, the state then has the burden of producing evidence of a justifiable reason for the delay. *Id.*   We, therefore, must consider the reasons for the delay as well as the prejudice to the accused.   *Lovasco* at 790.

{¶15} The determination of "actual prejudice" that results from preindictment delay, "involves 'a delicate judgment based on the circumstances of each case.'" *Walls* at ¶ 52, quoting *Marion*, 404 U.S. at 325, 92 S.Ct. 455, 30 L.Ed.2d 468.   Courts must consider "the evidence as it exists when the indictment is filed and the prejudice the defendant will suffer at trial due to the delay."   *Id.*   The defendant must show the exculpatory value of the alleged missing evidence.   *Copeland*, 8th Dist. Cuyahoga No. 89455, 2008-Ohio-234, at ¶ 13, citing *State v. Gulley*, 12th Dist. Clinton No. CA99-02-004, 1999 Ohio App. LEXIS 6091, * 8 (Dec. 20, 1999).   The defendant, in other words, "must show how lost witnesses and physical evidence would have proven the defendant's asserted defense."   *Wade* at ¶ 48, quoting *State v. Robinson*, 6th Dist. Lucas No. L-06-1182, 2008-Ohio-3498, ¶ 121.   The possibility that memories will fade, witnesses will become inaccessible, or evidence will be lost is not sufficient, in and of itself, to establish actual prejudice to justify the dismissal of an indictment.   *State v. Leonard*, 8th Dist. Cuyahoga No. 98626, 2013-Ohio-1446, ¶ 25.   Moreover, when asserting preindictment delay, prejudice may not be presumed from a lengthy delay. *Copeland*, citing *Gulley* at *7.

**{¶16}** In this case, the state issued an arrest warrant for Clemons on August 6, 2009, for an incident that allegedly occurred on July 25, 2009. The state arrested Clemons on the outstanding warrant on March 11, 2011, and indicted him on March 21, 2011, 20 months after the date of the alleged offense. Clemons claims that he was prejudiced by the state's delay in charging him. In support of this claim, Clemons provides the following: (1) the passage of "almost three years" has prejudiced his ability to prepare an adequate defense; (2) any physical evidence "that might have been discoverable" around the time of the alleged criminal conduct would no longer be available; (3) the memories of any potential witnesses have surely faded with such extreme passage of time; and (4) he "might have benefitted from" a possible plea bargain or concurrent sentences, had he been prosecuted while serving his one-year prison term.

**{¶17}** We find Clemons's claims of prejudice concerning physical evidence that "might have been discoverable" or memories of "any potential witnesses" that "have surely faded" vague and speculative. Clemons fails to provide any concrete proof that a particular piece of physical evidence contained exculpatory value. *Wade* at ¶ 48. He also fails to identify any potential witness who can no longer testify or how a witness's faded memory or recollection of the events would have affected the preparation of his defense or changed the outcome at trial. Speculation as to "potential witnesses" and their "faded" memories is insufficient evidence of prejudice. *Leonard* at ¶ 27.

**{¶18}** Furthermore, Clemons's assertion that he "might have benefitted" from a possible plea bargain or concurrent sentences, which would have reduced his total period

of confinement, is not evidence of actual prejudice. Discussions of a plea bargain or the possibility that a court may have ordered his sentence to be served concurrently is not something that would affect Clemons's ability to defend himself at trial or provide any exculpatory value. Such possibilities, therefore, do not support Clemons's claim of prejudice allegedly resulting from preindictment delay. *See State v. Bolton*, 8th Dist. Cuyahoga No. 96385, 2012-Ohio-169, ¶ 30 (finding defendant's argument that he could have already served a substantial portion of his sentence had he been indicted and convicted earlier insufficient evidence of actual prejudice because this evidence is not something that adversely affects his ability to defend himself at trial).

{¶19} Moreover, even if this court were to consider this claim, we find the assertion that Clemons may have received a lighter sentence is speculative. "'Losing [the] opportunity to bargain for concurrent sentences is not sufficient to show prejudice. There is no case law supporting [this] position, nor is it a constitutional or statutory right to be given concurrent sentences.'" *State v. Remy*, 4th Dist. Ross No. 96CA2245, 1997 Ohio App. LEXIS 2960, * 14, 15 (June 27, 1997), quoting *State v. Jones*, 4th Dist. Ross No. 95CA2128, 1996 Ohio App. LEXIS 2386, * 7, 8 (June 4, 1996); *State v. Harrel*, 5th Dist. Delaware No. 98CAA06029, 1998 Ohio App. LEXIS 6466, * 11 (Dec. 29, 1998). Further, there is nothing in the record to support Clemons's hopeful assertion.

{¶20} Finally, Clemons provides that the passage of "almost three years" has prejudiced his ability to prepare an adequate defense. First, it is not clear upon what basis Clemons makes the assertion that "almost three years" had passed. The record

reflects that the alleged preindictment delay concerns the period between the indictment of March 21, 2011, and the alleged offense of July 25, 2009, which is approximately 20 months. Secondly, there is no general presumption of prejudice based upon the length of delay with respect to preindictment delay. *Copeland*, 8th Dist. Cuyahoga No. 89455, 2008-Ohio-234 (finding a ten-year delay between the crime and the indictment did not warrant dismissal of the charges where defendant did not present evidence of substantial prejudice); *State v. Kemp*, 8th Dist. Cuyahoga No. 97913, 2013-Ohio-167 (finding no prejudice in an eight-and-a-half year delay between the crime and the indictment). The mere assertion that the 20-month delay has prejudiced his ability to prepare an adequate defense, without more, is not evidence of actual prejudice sufficient to warrant dismissal of the indictment.

{¶21} Clemons also alleges that the state's delay in bringing the charges in this case was for "tactical reasons," in an effort to gain an advantage over him. The crux of Clemons's argument is that in both of Clemons's cases (the case that is before us on appeal and Case No. CR-530392, for which he was serving the one-year prison term), he was arrested by the Cleveland police for crimes allegedly occurring in the same district, he was held in the same jail, and he was prosecuted by the same county. Therefore, as Clemons alleges, the state knew, or should have known, of his whereabouts and should have prosecuted this matter while Clemons was serving his one-year term. Clemons contends that the delay in arresting and indicting him was, therefore, intentional. The

state submitted that the Cleveland police were not aware of the outstanding warrant in this case when they apprehended and arrested Clemons in Case No. CR-530392.

{¶22} Arguably, the state mishandled Clemons's case in failing to discover the outstanding warrant when they arrested him in the unrelated charges in Case No. CR-530392. However, because Clemons failed to present evidence of substantial prejudice, the state has no burden of producing evidence of a justifiable reason for the 20-month preindictment delay. *Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, at ¶ 51. As such, we find no due process violation in Clemons's preindictment delay.

{¶23} The trial court, therefore, erred as a matter of law when it granted Clemons's motion to dismiss. The state's sole assignment of error is sustained.

{¶24} This cause is reversed and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

MELODY J. STEWART, A.J., and
MARY J. BOYLE, J., CONCUR