[Cite as *State v. Dixon*, 2014-Ohio-2185.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100332**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## STEVEN D. DIXON

DEFENDANT-APPELLEE

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-573583

**BEFORE:** S. Gallagher, P.J., Rocco, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** May 22, 2014

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Mary H. McGrath
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender
By: Jeffrey Gamso
Assistant Public Defender
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio    44113

SEAN C. GALLAGHER, P.J.:

{¶1} Appellant state of Ohio appeals the judgment of the Cuyahoga County Court of Common Pleas that granted defendant-appellee Steven D. Dixon's motion for dismissal for preindictment delay. For the reasons stated herein, we reverse the decision of the trial court and remand the case for further proceedings.

{¶2} Dixon was indicted on April 19, 2013, for one count of rape in violation of R.C. 2907.02(A)(2) and one count of kidnapping in violation of R.C. 2905.01(A)(4). The date of the offense for each count was April 20, 1993.

{¶3} Dixon filed a motion for dismissal of the indictment based on preindictment delay. The motion was opposed by the state. The trial court granted the motion without a hearing. The court set forth the background facts as follows:

> The facts of this case are not in dispute. Defendant Steven Dixon was arraigned on May 1, 2013, on a two (2) count indictment charging one (1) count of rape and one (1) count of kidnapping. The incident that forms the basis for these charges allegedly occurred on or about April 20, 1993, nearly 20 years earlier.
>
> On October 8, 1992, Defendant Dixon was released from prison on an unrelated charge and placed on Parole supervision. When the alleged victim reported to the police the allegations of rape and kidnapping, Defendant Dixon was arrested. Even though the alleged victim signed a "no prosecution" form, Defendant was brought before the parole authorities in two (2) separate hearings relative to these charges.
>
> On May 10, 1993, at his Pre-revocation On-Site Parole Hearing, probable cause was found to exist regarding the subject charges. On June 23, 1993, a Formal Parole Revocation Hearing was held. This hearing is important because while it is not considered a trial, it was a full evidentiary hearing. At that hearing police officers testified, the alleged victim

testified, witnesses for the defense testified, and the Defendant testified. During this hearing, the Defendant admitted to having sexual intercourse with the alleged victim.

However, while she testified it was rape, the Defendant testified that the sexual intercourse was consensual.

As a result of this hearing, Defendant Dixon was found to have committed the rape and kidnapping. His parole was revoked, and he was sent back to prison for another two (2) years.

On April 10, 2013, the Cleveland Police Department received a CODIS hit confirmation from the Federal Bureau of Criminal Investigation that they had made a preliminary association between a submitted rape kit and the Defendant. Upon receiving this "new" evidence the State proceeded to indict the Defendant prior to the expiration of the statute of limitations.

On June 28, 2013, Defendant Dixon filed his Motion for Dismissal Based on Pre-Indictment Delay.

{¶4} The trial court concluded that the preindictment delay caused Dixon actual and substantial prejudice. The court relied upon Dixon's assertion in his motion that he suffered actual and substantial prejudice because (1) his own memory of what occurred on April 20, 1993, has faded, which will prevent him from assisting his counsel; (2) he is unable to locate critical witnesses, including his girlfriend at the time, who testified at his probation revocation hearing, and who is also the mother of his daughter; and (3) the credibility of the victim is suspect due to the passage of time between the alleged crime and the indictment. The court also found that there was no justifiable reason for the delay. The court recognized that this is not a "cold" case, but rather, "the reason the case was not indicted and prosecuted twenty years ago was because the victim signed a 'no prosecution' form[.]" The court also found that this was never a case of "who did it"

because Dixon always admitted he had sexual intercourse with the alleged victim, and the question remained whether the sex was consensual. Thus, the DNA evidence did not add anything new to the case.

{¶5} The trial court found Dixon's due process rights were violated and dismissed the case. The state filed this appeal of right pursuant to R.C. 2945.67(A).

{¶6} The state raises two assignments of error for our review. Under its first assignment of error, the state claims the trial court erred in failing to conduct an evidentiary hearing and in failing to make findings of fact to support its conclusions that the preindictment delay caused actual and substantial prejudice and that there was no justifiable reason for the delay. Under its second assignment of error, the state claims the trial court erred in dismissing the indictment because Dixon failed to present evidence establishing that he suffered actual and substantial prejudice based on preindictment delay.

{¶7} In reviewing a decision on a motion to dismiss for preindictment delay, we accord deference to the trial court's findings of fact but engage in a de novo review of the trial court's application of those facts to the law. *State v. Copeland*, 8th Dist. Cuyahoga No. 89455, 2008-Ohio-234, ¶ 10, citing *State v. Henley*, 8th Dist. Cuyahoga No. 86591, 2006-Ohio-2728.

{¶8} "The statute of limitations provides the 'primary guarantee against bringing overly stale criminal charges.'" *Henley* at ¶ 5, quoting *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). In this case, the indictment was filed on

April 19, 2013, one day before the expiration of the 20-year statute of limitations under R.C. 2901.13(A)(3)(a).   *See* R.C. 2901.13(A)(3)(a).[1]

{¶9} Nevertheless, "[a]n unjustifiable delay between the commission of an offense and a defendant's indictment * * * which results in actual prejudice to the defendant, is a violation of the right to due process of law * * * ."   *State v. Luck*, 15 Ohio St.3d 150, 472 N.E.2d 1097 (1984), paragraph two of the syllabus.   "'To warrant dismissal on the basis of preindictment delay, a defendant must present evidence establishing substantial prejudice.   Once the defendant fulfills that burden, the state has the burden of producing evidence of a justifiable reason for the delay.'"   *Copeland* at ¶ 13, quoting *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, ¶ 51.

{¶10} The determination of whether a defendant has sustained "actual prejudice" as a result of a preindictment delay "involves 'a delicate judgment based on the circumstances of each case.'"   *Walls* at ¶ 52, quoting *United States v. Marion*, 404 U.S. 307, 325, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).   The court must consider "the evidence as it exists when the indictment is filed and the prejudice the defendant will suffer at trial due to the delay."   *Id*.   Prejudice is not presumed solely due to a lengthy delay.   *Copeland*, 8th Dist. Cuyahoga No. 89455, 2008-Ohio-234, at ¶ 13.   Furthermore, the defendant may not rely on speculation or vague assertions of prejudice.   *See State v.*

---

[1]   The indictment listed the date of the alleged offense as April 20, 1993. The six-year statute of limitations at the time had not yet expired when the General Assembly extended the statute of limitations for rape from six to 20 years by an amendment of R.C. 2901.13, which became effective March 9, 1999, and applied retroactively for offenses that had not yet expired.   *See Copeland* at ¶ 11.

*Clemons*, 8th Dist. Cuyahoga No. 99754, 2013-Ohio-5131, ¶ 17.  Rather, "proof of actual prejudice must be specific, particularized and non-speculative."  *State v. Stricker*, 10th Dist. Franklin No. 03AP-746, 2004-Ohio-3557, ¶ 36.  Further, the defendant must show the exculpatory value of the alleged missing evidence to prove substantial prejudice.  *Copeland* at ¶ 13.

{¶11} In this case, the trial court restated the assertions made in Dixon's motion as a basis for finding actual and substantial prejudice was shown.  However, no evidentiary record was created to support the court's determination.  While a trial court may not always be required to hold an evidentiary hearing upon a motion for preindictment delay, we find it was necessitated under the circumstances of this case.  Without evidence in the record, this court cannot adequately review the matter on appeal.

{¶12} The trial court aptly recognized that the circumstances of this case involve a delay of nearly 20 years, an alleged victim who was willing to testify at the parole hearings after signing a "no prosecution" form, a defendant who served an additional two years in prison for the parole violation, a question of whether the sex was consensual as opposed to "who did it," and new DNA evidence that changes nothing.  However, prejudice cannot be presumed solely from the delay, and Dixon must demonstrate actual and substantial prejudice before the burden shifts to the state to show that the delay was reasonable.

{¶13} The trial court should have required Dixon to present evidence establishing actual and substantial prejudice, rather than forming conclusions based on the assertions

made in Dixon's motion. Dixon must show the exculpatory value of the claimed missing witnesses and physical evidence and demonstrate the prejudice caused by fading memories from the near 20-year delay. Because we find the trial court abused its discretion by failing to hold an evidentiary hearing in this case, we sustain the first assignment of error and find the second assignment of error is moot. We reverse the decision of the trial court and remand the matter for an evidentiary hearing.

**{¶14}** Judgment reversed; case remanded for an evidentiary hearing.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
TIM McCORMACK, J., CONCUR